JEPTHA D. DAVIS v. SARAH J. FOSSETT.

1. Suit against a widow for a debt of her deceased husband, based upon Revised Statute 3110, can not be maintained in any event without showing that the deceased husband's estate is insolvent, even where the debt is known to have been created for family necessaries.

2. Our statute in this ragard is declaratory of the common law, making it the duty of the husband to support the family, with a modern proviso casting the duty on the wife only in case of his entire inability.

HOSEA, J.

Motion for non-suit.

The petition alleges medical services rendered to Jesse Fossett, husband of plaintiff, in his last illness at his instance and request; that defendant and Jesse Fossett lived together as a family; that defendant is possessed of a separate estate, but that Jesse Fossett had no means, was unable to work or earn anything or contribute to the support of the family; and that at death his estate was not sufficient to pay any part of plaintiff's claim of $400; for which judgment is asked against his widow—this defendant.

The answer admits the services rendered, the family relationship of defendant and Jesse Fossett, and their living together, and denies all other allegations of the petition.

The plaintiff, upon whom rests the burden of proof to maintain the action, proved the services and their value, the non-payment, the presentation of the bill to his estate after his decease, and the fact of an application by his administrator to the probate court to sell real estate to pay debts. The evidence on this point is a petition filed in the probate court setting forth a schedule of the debts—including plaintiff's claim—and the costs of administration; that there was no personal estate; that the deceased was at death seized in fee simple of certain specified real estate, a sale of which is asked. There is also producd an entry in said court and cause confirming sale and distributing proceeds as to the *first* one only of the several pieces of real estate described in the administrator's petition—this being all the testimony adduced.

Th plaintiff having rested, the defendant moved for judgment of dismissal upon the ground that the facts in testimony do not sustain a cause of action against the defendant.

The action is based upon the Ohio statute which is as follows:

"Section 3110. [*Duty of husband to support family.*] The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, his wife must assist him so far as she is able."

The petition, it will be observed, alleged that the husband, Jesse Fossett, "had no means"—"was unable to work or earn anything or contribute to the support of the family"— and that at death his estate was not sufficient to pay any part of plaintiff's claim. The proof in support of the petition entirely fails to show (1) that Jesse Fossett had no means; or (2) that he was unable. to work and contribute to the support of his family, excepting that he was unable to work during the illness resulting in his death; or (3.) that his estate was unable to pay the debt.

On the contrary, the record of the probate proceedings produced, show that he possessed various pieces of real estate, and that only a part of the real estate set forth was sold and that the claim of plaintiff is recognized and al-

lowed by the administrator as a valid claim against the estate.

Granting for the sake of the argument, that a creditor of the husband for necessaries required and used in the support of the family or himself, may proceed against the wife's estate in case of the inability of the husband to pay, the inability must be shown as a fact, as the condition precedent of such proceeding. The liability of the wife, in respect of her separate property in such a case, is in the nature of an equitable asset and the proceeding is in the nature of one in aid of execution. Until the husband's estate has been first exhausted, and this fact proved, no ground is established for proceeding against the wife for a debt which is primarily that of the husband.

That this is the proper construction of the statute in question seems to me too obvious for discussion, and if doubts could arise upon the clause quoted, as it stands alone, they are dispelled by the context before and after, defining the general and special relations of husband and wife. (Revised Statutes, Sections 3108 to 3117 inclusive.) See, also, *Kelly* v. *Miller*, 2 D., 265.

The Iowa, Illinois, and other cases cited, are based upon statutes providing in terms that debts created for family support, education of children, etc., are, in the first instance, *joint and several debts of the husband and wife.* Consequently such authorities have no application here. Our statute is declaratory of the common law obligation, with a modern proviso making the wife liable in a certain contingency only. Before she can be charged, the contingency specified by the statute must be clearly shown.

The testimony adduced here fails to show the conditions necessary for the maintenance of the action upon the liability of the wife.

Motion granted and the action dismissed at plaintiff's costs.

*A. J. Cunningham* and *J. T. Harrison,* for defendant.
*Bates & Meyer,* for plaintiff.